carry out its policies by replacing certain officeholders. If and when additional exempt positions are to be subject to civil service protection is a matter for action by the appropriate municipal and state authorities and not by a federal court.

We have examined appellant's other arguments and find them without merit.

The judgment below is affirmed.

### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### BRICKLAYERS AND STONE MASONS, LOCAL UNION NO. 6, BRICKLAYERS, MASONS & PLASTERERS' INTERNATIONAL UNION OF AMERICA, AFL–CIO, Respondent.

No. 71–1633

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1971.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Elmer P. Davis, Director, Region 16, N. L.R.B., Fort Worth, Tex., for petitioner.

O. R. "Buddy" Wright, Fort Worth, Tex., Tom Upchurch, Jr., Amarillo, Tex., for respondent.

Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

### Adolph B. CANELO III and Sally M. Canelo, Appellants,

v.

### COMMISSIONER OF INTERNAL REVENUE, Appellee.

### Thomas J. KANE, Jr., and Kathryn H. Kane, Appellants,

v.

### COMMISSIONER OF INTERNAL REVENUE, Appellee.

Nos. 26157, 26158.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1971.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

